UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMIE HARRIS,

    Plaintiff,

v.

ST. JOSEPH SUPERIOR COURT *et al.*,

    Defendants.

CAUSE NO. 3:22-CV-853 DRL-MGG

OPINION & ORDER

Jamie Harris filed a *pro se* complaint alleging that the St. Joseph Superior Court, Magistrate Judge Elizabeth Hardtke, County Clerk Rita Glenn, and Attorney Gerald Shidaker failed to give her an administrative hearing before the commencement of eviction proceedings in the St. Joseph Superior Court. She says this violated the Fourth and Fifth Amendments and her due process rights. She moves to proceed *in forma pauperis*.

The court must first determine whether her complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2)(B). Though the court must construe her complaint liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), it has "ample authority to dismiss frivolous or transparently defective suits spontaneously," *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must contain enough factual matter, accepted as true, to state a plausible claim, not a speculative one. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Ms. Harris' complaint[1] includes 34

---

[1] Ms. Harris dockets the same document twice, once as her complaint [ECF 1] and again as a motion for temporary injunction [ECF 2].

numbered paragraphs as well as an excerpt from the 1996 Federal Register, which the court has reviewed liberally. The genesis of her claims is an eviction action that Indian Springs Apartments brought against her in the St. Joseph Superior Court Small Claims Division for non-payment of rent.

This is not the first time that this court has heard from Ms. Harris regarding this eviction. She previously tried to remove the state eviction case (*see* 3:22-cv-789 JD-MGG). The court remanded the case back to state court as "it did not have federal question jurisdiction over the state eviction case because there were no questions of federal law at issue in the proceeding" [3:22-cv-789; ECF 7 at 1]. Ms. Harris tried again by filing an amended notice of removal, but the court remanded the case once more for the same reasons [*id.*]. In that order, the court cautioned Ms. Harris that the claims she was attempting to assert appeared to lack merit [*id.* 2].

Though Ms. Harris seemed to believe that Indian Springs failed to provide an opportunity for an administrative hearing before bringing the eviction proceedings, the federal rules she referenced say this hearing is necessary before a *public housing authority* can evict a public housing tenant. The court pointed out that Ms. Harris admitted that the record does not reflect that Indian Springs is a public housing authority [*id.* 3]. Therefore, "[i]f Indian Springs is not a public housing authority, the rules and regulations that Harris has cited would not apply to Indian Springs and would make any claims Harris has based on violations of those rules and regulations meritless" [*id.*]. The court specifically cautioned Ms. Harris not to bring meritless claims: "If Harris files a separate lawsuit that raises claims that lack merit or claims that are not explained in detail and clearly supported with relevant facts, Harris' claims will simply be dismissed" [*id.*].

Here, Ms. Harris has attempted to raise the same claims, just against new parties. Instead of suing Indian Springs, Ms. Harris now sues a court, judge, county clerk, and Indian Springs' attorney. Her claims don't fare better as a result. First, Ms. Harris again references housing authority regulations

[¶ 17, 18] while also admitting that the defendants are not a public housing authority [¶ 22, 23, 24]. As the court explained in some detail before, this claim is meritless.

Second, Ms. Harris attempts to sue the St. Joseph Superior Court, but this claim cannot proceed as the court is not a proper party. A state court is an arm of the state, but not a person who can be sued under § 1983.

Third, Ms. Harris names Magistrate Judge Elizabeth Hardtke as a defendant. Ms. Harris cannot proceed against Judge Hardkte because judges are immune from suit. A judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction. *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). "A judge will not be deprived of immunity because the action [s]he took was in error, was done maliciously, or was in excess of [her] authority; rather, [s]he will be subject to liability only when [s]he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978) (citation and quotations omitted).

The remaining defendants are County Clerk Rita Glenn and attorney Gerald Shidaker. In her complaint, Ms. Harris does not explain either person's connection to the eviction proceeding or explain why they are personally responsible for her due process concern. *See Doyle v. Camelot Care Ctrs., Inc.*, 305 F.3d 603, 614 (7th Cir. 2002); *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) ("To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right."). Despite the court's warning, Ms. Harris has raised claims that lack merit or that are not explained in detail and clearly supported with relevant facts.

Ordinarily, the court should afford a *pro se* litigant an opportunity to cure her defective pleadings. *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). In the interest of justice, the court will allow Ms. Harris to amend her complaint if, after reviewing this order, she believes that she can state a viable claim for relief, consistent with the allegations she has already made. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case

under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a *pro se* litigant, an opportunity to amend [her] complaint"). Ms. Harris has through November 4, 2022, to file an amended complaint.

The amended complaint must (1) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis; (2) include a demand for the relief sought; and (3) identify what injury she claims to have suffered and what persons are responsible for each such injury. In organizing her complaint, Ms. Harris will benefit from utilizing the court's complaint form.[2] Any amended complaint should have the proper case number, 3:22-CV-853 DRL-MGG, and the words "Amended Complaint" on the first page. The amended complaint will completely replace the original. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation the plaintiff wishes to pursue in this action. If the plaintiff files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915. If no amended complaint is filed, this action will be dismissed without further notice or opportunity to show cause.

Ms. Harris also moves for a temporary injunction. She uses the same information from her complaint in this motion. To obtain a temporary restraining order or preliminary injunction an applicant must establish (1) a reasonable likelihood of success on the merits, (2) no adequate remedy at law, and (3) irreparable harm to the plaintiff if injunctive relief is denied. *Planned Parenthood of Ind., Inc. v. Comm'r of Ind. State Dep't of Health*, 699 F.3d 962, 972 (7th Cir. 2012), *cert. denied*, 133 S. Ct. 2736 (2013). For the reasons discussed above, Ms. Harris is unable to satisfy the first requirement. Accordingly, this motion is denied.

For these reasons, the court:

---

[2] Available at: https://www.innd.uscourts.gov/sites/innd/files/CvCmplt.pdf.

(1) TAKES UNDER ADVISEMENT the *in forma pauperis* motion [ECF 3];

(2) GRANTS Jamie Harris until November 4, 2022, to file an amended complaint;

(3) CAUTIONS Jamie Harris if she does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915(e)(2)(ii) without further notice because the current complaint does not state a claim for which relief can be granted; and

(4) DENIES the motion for temporary injunction [ECF 2].

SO ORDERED.

October 17, 2022                               *s/ Damon R. Leichty*
                                               Judge, United States District Court